Filed 6/29/16  P. v. Fletcher CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TIFFANY FARRELL FLETCHER,<br><br>    Defendant and Appellant. | E064521<br><br>(Super.Ct.Nos. FCH800272,<br>    FSB801112 & FWV1002722)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Dismissed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Tiffany Fletcher received a four-year prison sentence, with credit for time served, after the trial court revoked her probation in three separate cases and imposed the previously suspended sentences concurrently. Defendant argues the court improperly imposed additional, increased restitution and parole revocation fines when it executed the suspended sentences. We dismiss the appeal as moot because defendant requested and received relief on this issue from the trial court during the pendency of this appeal.

STATEMENT OF PROCEDURE

On August 28, 2015, the trial court held a probation revocation hearing and imposed the challenged fines in the following three separate cases

On May 20, 2008, in case number FSB801112 (112), defendant plead no contest to child abuse (Pen. Code, § 273a, subd. (a)) and was placed on probation for four years. Defendant was released on a *Cruz*[1] waiver and promised to return to court on June 19, 2008

On May 27, 2008, in case number FCH800272 (272), defendant pled guilty to grand theft of a vehicle (Pen. Code, § 487, subd. (a)) and was placed on probation for three years. Defendant was released on a *Cruz* waiver and promised to return to court on June 24, 2008.

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247. Under a *Cruz* waiver, the defendant is released from custody in return for promising not to commit other crimes and to return to court for sentencing.

On December 22, 2010, defendant admitted to violating the *Cruz* waivers in both of the above cases. The court imposed and then suspended a four-year sentence in 112, imposed and then suspended a concurrent three-year sentence in 272, and placed defendant on probation for four years. The court ordered defendant to serve 365 days in jail, with credit for time served. The court also imposed and stayed a $200 probation revocation fine on each case pursuant to Penal Code section 1202.44. At a post-disposition hearing held on January 24, 2011, the court imposed a $400 restitution fine (Pen. Code, § 1202.4) in both cases.

Also on December 22, 2010, in case number FWV1002722 (722), defendant pled guilty to a new charge of evading a police officer (Veh. Code, § 2800.2, subd. (a)).

On January 24, 2011, the trial court imposed a three-year suspended sentence in 722, placed defendant on probation for three years and ordered her to serve 365 days in jail. The court imposed but stayed a $220 probation revocation fine and imposed a $200 restitution fine.

On January 18, 2012, the People filed petitions to revoke probation on each of the three cases. Defendant had apparently failed to report to probation after serving the 365 days in jail. In each case the trial court summarily revoked probation and issued a bench warrant.

On August 28, 2015, the trial court held a probation violation hearing on all three cases. The court found that defendant violated her probation by failing to report to or contact the probation department. The court ordered the suspended sentences to be imposed concurrently and, among other things, imposed the following fines: in case 272,

3

a $900 restitution fine and a $900 parole revocation fine; in case 112, a $1200 restitution fine and a $1200 parole revocation fine; and in case 722, a $300 restitution fine and a $300 parole revocation fine.

This appeal followed.

Defendant filed her opening brief on December 18, 2015 arguing the trial court improperly imposed additional, increased restitution and parole revocation fines at the hearing on August 28, 2015. On January 19, 2016, the trial court received a letter from appellate counsel asking to have the fines corrected pursuant to section 1237.2.[2] On February 2, 2016, the trial court granted relief and set each of the two fines in each of the three cases at $200 each.

## DISCUSSION

The People argue this appeal should be dismissed as moot. We agree. "[A]s a general matter, an issue is moot if 'any ruling by [the] court can have no practical impact or provide the parties effectual relief.'" (*People v. J.S.* (2014) 229 Cal.App.4th 163, 170, quoting *Woodward Park Homeowners Assn. v. Garreks, Inc.* (2000) 77 Cal.App.4th 880, 888.) Here, defendant has already obtained the relief she sought by petitioning the trial court, and so this court cannot provide additional relief.

---

[2] Section 1237.2 provides in relevant part: "The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

4

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

SLOUGH
J.

5